UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| M. GREGG BLOCHE, M.D.<br>4954 Ashby St., N.W.<br>Washington, DC  20007<br><br>and<br><br>JONATHAN H. MARKS<br>637 West Foster Ave.<br>State College, PA  16801<br><br>      Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF DEFENSE<br>1600 Defense Pentagon<br>Washington, DC  20301-1600;<br><br>COUNTERINTELLIGENCE FIELD ACTIVITY<br>1600 Defense Pentagon<br>Washington, DC  20301-1600;<br><br>DEFENSE ADVANCED RESEARCH<br>PROJECTS AGENCY<br>3701 North Fairfax Drive<br>Arlington, VA  22203;<br><br>DEFENSE INTELLIGENCE AGENCY<br>Washington, DC  20340-5100;<br><br>DEPARTMENT OF THE ARMY<br>101 Army Pentagon<br>Washington, DC  20310-0101;<br><br>DEPARTMENT OF THE NAVY<br>1000 Navy Pentagon<br>Washington, DC  20350-1000; | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| UNITED STATES AIR FORCE<br>1670 Air Force Pentagon<br>Washington, DC 20330-1670;<br><br>CENTRAL INTELLIGENCE AGENCY<br>Washington, DC 20505;<br><br>and<br><br>OFFICE OF THE DIRECTOR OF<br>NATIONAL INTELLIGENCE<br>Washington, DC 20511<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.  This is an action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., by experts in bioethics seeking to compel the defendants to release records relating to the participation of doctors and other healthcare professionals in the interrogation of military prisoners and individuals detained by the United States government on the basis of alleged terrorist activities.

### JURISDICTION

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B).

### PARTIES

3.  Plaintiffs M. Gregg Bloche, M.D., and Jonathan H. Marks are experts on bioethics who have written extensively on ethical issues raised by the participation of healthcare personnel in the interrogation of military prisoners and other detainees. M. Gregg Bloche, M.D., is a Professor of Law at Georgetown University Law Center, Adjunct Professor at Johns Hopkins

University's Bloomberg School of Public Health, Non-Resident Senior Fellow at The Brookings Institution, and Visiting Fellow at the Harvard Program on Ethics and Health. Jonathan H. Marks is an Associate Professor of Bioethics, Humanities, and Law at Pennsylvania State University, Director of the Bioethics and Medical Humanities Program at the main campus, University Park, and a barrister and founding member of Matrix Chambers, a leading chambers in London, England. Plaintiffs submitted FOIA requests to all defendants.

4. Defendant Department of Defense (hereinafter "DoD") is an executive department of the United States government and has possession and control of records responsive to Plaintiffs' requests. Defendants Counterintelligence Field Activity (hereinafter "CIFA"), Defense Advanced Research Projects Agency (hereinafter "DARPA"), Defense Intelligence Agency (hereinafter "DIA"), Department of the Army (hereinafter "Army"), Department of the Navy (hereinafter "Navy"), and the United States Air Force (hereinafter "Air Force") are agencies within the DoD. Each of these agencies has possession and control of records responsive to Plaintiffs' requests.

5. Defendant Central Intelligence Agency (hereinafter "CIA") is an agency of the United States government and has possession and control of records responsive to Plaintiffs' requests.

6. Defendant Office of the Director of National Intelligence (hereinafter "DNI") is an agency of the United States government and has possession and control of records responsive to Plaintiffs' requests.

## FACTUAL BACKGROUND

### FACTS LEADING TO FOIA REQUESTS

7. Press accounts published in 2004 and since that time (some of which were authored by Plaintiffs) have reported that physicians, psychologists, and other healthcare professionals employed by the defendants or working under contract for the defendants have assisted in the design of legally and ethically questionable interrogation tactics, have provided advice or assistance to United States personnel who have employed such tactics on individuals detained by the United States government, and have monitored or performed assessments of detainees' medical and psychological conditions before, during, and after administration of such tactics.

8. Experts in bioethics have questioned the ethics of healthcare professionals' involvement in the administration of physical and psychological pain and suffering, and in the administration of the interrogation tactics at issue.

9. To learn more about the involvement of these professionals, Plaintiffs filed the following FOIA requests.

### PLAINTIFFS' FOIA REQUESTS

10. By letter dated June 20, 2006, Plaintiffs submitted a FOIA request (hereinafter "Plaintiffs' First Request") to all defendants. Plaintiffs' First Request sought records addressing: the duties and roles of healthcare personnel involved in interrogations; the policies for healthcare personnel involved in interrogations; the contents of specifically identified videoconferences regarding interrogation strategies; or the legality or ethics of using healthcare personnel in interrogations.

11. By letter dated July 3, 2006, Plaintiffs submitted a second FOIA request (hereinafter "Plaintiffs' Second Request") to all defendants. Plaintiffs' Second Request sought contracts between the defendants and healthcare personnel involved in interrogations, as well as records relating to such contracts.

12. By separate letter dated July 3, 2006, Plaintiffs submitted a third FOIA request (hereinafter "Plaintiffs' Third Request") to all defendants. Plaintiffs' Third Request sought records addressing the use of foreign nationals to assist United States personnel with interrogations, as well as records addressing the legality, ethics, and effectiveness of specific interrogation techniques and programs.

13. By letter dated July 10, 2006, Plaintiffs submitted a fourth FOIA request (hereinafter "Plaintiffs' Fourth Request") to all defendants. Plaintiffs' Fourth Request sought records addressing: research on how government employees, United States service-members, military prisoners, and other detainees responded to certain interrogation techniques; methods of interrogation identified in the document entitled "KUBARK Counterintelligence Interrogation" and any material pertaining to that document; or the legality or ethics of conducting research on certain interrogation techniques.

## DEFENDANTS' RESPONSES

### Department of Defense

14. To date, the DoD has not issued a determination, nor has it released any records in response to any of Plaintiffs' requests.

## Counterintelligence Field Activity

15. In response to Plaintiffs' First Request, the DoD on behalf of CIFA informed Plaintiffs by letter dated December 29, 2006 that the "Counterintelligence Field Activity (CIFA) has conducted searches for records responsive to [Plaintiffs'] requests . . . and has located no responsive records" to Plaintiffs' First Request. Plaintiffs appealed the denial by letter dated February 6, 2007. To date, neither the DoD nor CIFA has responded to Plaintiffs' appeal. To date, neither the DoD nor CIFA has released any records in response to Plaintiffs' First Request.

16. In the same December 29, 2006 letter, the DoD on behalf of CIFA informed Plaintiffs that CIFA "has conducted searches for records responsive to [Plaintiffs'] requests . . . and has located no responsive records" to Plaintiffs' Second or Third Request. The December 29, 2006 letter did not specify whether it was in response to Plaintiffs' Second or Third Request. Plaintiffs appealed the denial by letter dated February 6, 2007. To date, neither the DoD nor CIFA has responded to Plaintiffs' appeal. Neither has released any records in response to Plaintiffs' Second or Third Request.

17. To date, CIFA has not issued a determination, nor has it released any records in response to Plaintiffs' Fourth Request.

## Defense Advanced Research Projects Agency

18. To date, DARPA has not issued a determination, nor has it released any records in response to any of Plaintiffs' requests.

## Defense Intelligence Agency

19. To date, the DIA has not issued a determination, nor has it released any records in response to any of Plaintiffs' requests.

### Department of the Army

20. To date, the Army has not issued a determination, nor has it released any records in response to any of Plaintiffs' requests.

### Department of the Navy

21. By letter dated February 12, 2007, the Navy informed Plaintiffs that it was "unable to locate responsive documents" to Plaintiffs' First Request. Plaintiffs appealed the Navy's denial by letter dated March 12, 2007, which was later amended by letter dated March 30, 2007. To date, the Navy has not provided a response to Plaintiffs' appeal, nor has it released any records in response to Plaintiffs' First Request.

22. By letter dated October 25, 2006, the Navy informed Plaintiffs that it was "unable to locate responsive documents" to Plaintiffs' Second Request. Plaintiffs appealed the Navy's denial by letter dated December 19, 2006. To date, the Navy has not responded to Plaintiffs' appeal, nor has it released any records in response to Plaintiffs' Second Request.

23. In response to Plaintiffs' Fourth Request, the Navy informed Plaintiffs by letter dated October 10, 2006 that it was "unable to find responsive documents." Plaintiffs appealed the Navy's denial by letter dated December 7, 2006. By letter dated February 12, 2007, the Navy denied Plaintiffs' appeal.

24. In the Navy's February 12, 2007 letter denying Plaintiffs' appeal, the Navy determined that the "Fleet Aviation Specialized Operational Training Group, Pacific (FASOTRAGRUPAC) is the proper Navy command to respond to [the] request regarding SERE training." Consequently, the Navy forwarded the part of Plaintiffs' request concerning "SERE training" to that command. By letter dated May 4, 2007, the Navy stated that a search by

FASOTRAGRUPAC "did not locate any responsive documents." Plaintiffs appealed this denial by letter dated May 21, 2007. To date, the Navy has neither responded to Plaintiffs' appeal nor released any records in response to Plaintiffs' Fourth Request.

### United States Air Force

25.  In response to Plaintiffs' First Request, the Air Force informed Plaintiffs by letter dated December 12, 2006 that it had "conducted an appropriate search for records responsive to [Plaintiffs'] request but none were found." Plaintiffs appealed the denial by letter dated February 6, 2007. To date, the Air Force has neither responded to Plaintiffs' appeal nor released any records in response to Plaintiffs' First Request.

26.  By separate letter dated December 12, 2006, the Air Force informed Plaintiffs that it had "conducted an appropriate search for records responsive to [Plaintiffs'] request but none were found." The letter did not specify whether it was in response to Plaintiffs' Second or Third Request, or both. Plaintiffs appealed the denial by letter dated February 6, 2007. To date, the Air Force has not responded to Plaintiffs' appeal, nor has it released any records in response to Plaintiffs' Second or Third Request.

27.  In response to Plaintiffs' Fourth Request, the Air Force informed Plaintiffs by letter dated August 16, 2006 that it was "not the [O]ffice of Primary Responsibility (OPR) for information [Plaintiffs] requested," and therefore, it had "faxed [Plaintiffs'] request to [its] FOIA counterparts at the Department of Intelligence Agency . . . ." Subsequently, Plaintiffs asked the Air Force by letter dated August 28, 2006 to confirm that it had conducted its own search before forwarding the request. To date, the Air Force has not responded to Plaintiffs' letter nor has it released any records in response to Plaintiffs' Fourth Request.

### Central Intelligence Agency

28.  In response to Plaintiffs' First Request, the CIA informed Plaintiffs by letter dated August 31, 2006 that it could "neither confirm nor deny the existence or nonexistence of records responsive to [Plaintiffs'] request." Plaintiffs appealed this decision by letter dated October 4, 2006. The CIA denied Plaintiffs' appeal by letter dated February 15, 2007. The CIA has not released any records in response to Plaintiffs' First Request.

29.  To date, the CIA has not issued a determination, nor has it released any records in response to Plaintiffs' Second or Third Request.

30.  In response to Plaintiffs' Fourth Request, the CIA informed Plaintiffs by letter dated January 26, 2007 that its "record systems are not configured in a way that would allow [it] to perform a search reasonably calculated to lead to responsive records," and therefore, it "must decline to process" the request. Plaintiffs appealed this decision by letter dated March 14, 2007. By letter dated March 28, 2007, the CIA stated that it "did not grant [Plaintiffs'] request appeal rights." To date, the CIA has issued no further response to Plaintiffs' Fourth Request nor has it released any records responsive to this request.

### Office of the Director of National Intelligence

31.  To date, the DNI has not issued a determination, nor has it released any records in response to any of Plaintiffs' requests.

### CLAIM FOR RELIEF

32.  Under FOIA, Plaintiffs have a legal right to the records they seek.

33.  To date, Defendants have not released to Plaintiffs a single record responsive to Plaintiffs' requests.

34. There is no legal basis for Defendants' refusal to release the requested records.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiffs request that this Court issue an order:

(a) Declaring Defendants' refusal to disclose the requested records unlawful;

(b) Directing Defendants to make the requested records available to Plaintiffs forthwith;

(c) Awarding Plaintiffs the costs of this action and reasonable attorney fees as provided by 5 U.S.C. § 552(a)(4)(E); and

(d) Granting such other and further relief as this Court may deem just and proper.

Respectfully submitted,

_____
David C. Vladeck (DC Bar # 945063)
Kathryn A. Sabbeth[1] (NY Bar # 4265682)
Institute for Public Representation
Georgetown University Law Center
600 New Jersey Ave., NW, Suite 312
Washington, D.C. 20001
Phone: (202) 662-9535
Fax: (202) 662-9634
Email: vladeckd@law.georgetown.edu

Attorneys for Plaintiffs

Dated: November 12, 2007

---

[1] DC Bar Application pending

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

M. GREGG BLOCHE, M.D.
JONATHAN H. MARKS

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  11001
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Department of Defense, Counterintelligence Field Activity, Defense Advanced Research Projects Agency, Defense Intelligence Agency, Department of the Army, Department of the Navy, U.S. Air Force, Central Intelligence Agency, and the Office of the Director of National Intelligence.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

## (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David C. Vladeck
Kathryn A. Sabbeth
Institute for Public Representation
Georgetown University Law Center
600 New Jersey Ave., NW, Suite 312
Washington, D.C. 20001
Phone: (202) 662-9535

## ATTORNEYS (IF KNOWN)

United States Attorney's Office
555 4th Street, NW
Washington, DC 20530

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. *Antitrust*
☐ 410 Antitrust

### ○ B. *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. *Administrative Agency Review*
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. *General Civil (Other)*    OR    ○ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ◉ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
5 U.S.C. § 552 - Action under the Freedom of Information Act to compel the production of records unlawfully withheld from plaintiffs by defendants.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____  Check YES only if demanded in complaint  JURY DEMAND: YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE  11/13/2007   SIGNATURE OF ATTORNEY OF RECORD  /s/

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.