**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| M. GREGG BLOCHE, M.D and <br> JONANTHAN H. MARKS <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF DEFENSE, et al. <br><br> Defendants. | Civil Action No.  07-cv-2050 (HHK) |

## ANSWER

The defendants, the United States Department of Defense, the Counterintelligence Field Activity, the Defense Advanced Research Projects Agency, the Defense Intelligence Agency, the Department of the Army, the Department of the Navy, the United States Air Force, the Central Intelligence Agency, and the Office of the Director of National Intelligence, answer the Complaint of the plaintiffs, M. Gregg Bloche, M.D., and Jonathan H. Marks, as set forth below.

1.      This paragraph contains plaintiffs' characterization of this lawsuit, thus no response is required.  To the extent a response is required, defendants admit that Plaintiff filed this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., but lack knowledge and information sufficient to determine whether plaintiffs are "experts in bioethics," and deny that defendants have improperly withheld agency records.  Defendants further deny that plaintiffs are entitled to any relief.

## JURISDICTION

2. The allegations in this paragraph are legal conclusions to which no response is required.

## PARTIES

3. Defendants admit the allegations in the last sentence of this paragraph, but lack sufficient knowledge or information to form a belief as to the truth of the allegations in the remainder of the paragraph.

4. Defendants admit the allegations in the first sentence. In response to the allegations in the second sentence, defendants admit that the Defense Intelligence Agency, the Department of the Army, the Department of the Navy and the United States Air Force are "agencies" as defined in 5 U.S.C. § 552(f), but deny that the Counterintelligence Field Activity and the Defense Advanced Research Projects Agency are agencies under 5 U.S.C. § 552(f). Defendants deny the allegations in the third sentence that each agency has possession and control of records responsive to plaintiffs' requests.

5. Defendants admit that the Central Intelligence Agency ("CIA") is an agency of the United States government, but deny the remaining allegations in this paragraph.

6. Defendants admit that the Office of the Director of National Intelligence is an agency of the United States government, but deny the remaining allegations in this paragraph.

## FACTUAL BACKGROUND

### FACTS LEADING TO FOIA REQUESTS

7. Defendants lack sufficient knowledge or information to form a belief as to the existence and truth of the published press accounts to which plaintiffs refer.

8.	Defendants lack sufficient knowledge or information to form a belief as to the existence and truth of this paragraph.

9.	Defendants lack sufficient knowledge or information to form a belief as to plaintiffs' motivation for filing FOIA requests.

PLAINTIFFS' FOIA REQUESTS

10.	Defendants admit that plaintiffs sent a FOIA request to all defendants. The remaining allegations in ¶10 are plaintiffs' characterizations of its FOIA request, which document speaks for itself, thus no response is required.

11.	Defendants admit that plaintiffs submitted a second FOIA request to some defendants, but deny that plaintiffs submitted a second FOIA request to all defendants. The remaining allegations in ¶11 are plaintiffs' characterizations of its FOIA request, which document speaks for itself, thus no response is required.

12.	Defendants admit that plaintiffs submitted a third FOIA request to some defendants, but deny that plaintiffs submitted a third FOIA request to all defendants. The remaining allegations in ¶12 are plaintiffs' characterizations of its FOIA request, which document speaks for itself, thus no response is required.

13.	Defendants admit that plaintiffs submitted a fourth FOIA request to all defendants. The remaining allegations in ¶13 are plaintiffs' characterizations of its FOIA request, which document speaks for itself, thus no response is required.

DEFENDANTS' RESPONSES

Department of Defense

14.	Defendants admit the allegations in this paragraph.

Counterintelligence Field Activity

15. In response to the first sentence, defendants admit that they responded to plaintiffs' first FOIA request, but state that the referenced letter speaks for itself. In response to the second sentence, defendants admit that plaintiffs appealed, but deny that a "no records" response is a "denial." Defendants admit the allegations in the third sentence. In response to the final sentence, defendants admit they have not released any records, but state that since Counterintelligence Field Activity ("CIFA") found no responsive records, there are no documents to disclose.

16. In response to the first and second sentences, defendants admit that they sent the referenced letter, but state that the referenced letter speaks for itself. In response to the third sentence, defendants admit that plaintiffs appealed the determination that CIFA found no responsive records, but deny that a "no records" response is a "denial." Defendants admit the allegations in the fourth sentence. Defendants admit the allegations in the final sentence, but state that since CIFA found no responsive records, there are no documents to disclose.

17. Defendants admit the allegations in this paragraph.

Defense Advanced Research Projects Agency

18. Defendants admit the allegations in this paragraph.

Defense Intelligence Agency

19. Defendants admit the allegations in this paragraph.

Department of the Army

20. Defendants admit the allegations in this paragraph.

Department of the Navy

21. In response to the first sentence, defendants admit that they sent the referenced letter, but state that the referenced letter speaks for itself. In response to the second sentence, defendants admit that plaintiffs appealed the determination that the Department of the Navy found no responsive records, and state that the referenced letters speak for themselves, but deny that a "no records" response is a "denial." Defendants admit the allegations in the final sentence, but state that since the Department of the Navy found no responsive records, there are no documents to disclose.

22. In response to the first sentence, defendants admit that they sent the referenced letter, but state that the referenced letter speaks for itself. In response to the second sentence, defendants admit that plaintiffs appealed the determination that the Department of the Navy found no responsive records, and state that the referenced letter speaks for itself, but deny that a "no records" response is a "denial." Defendants admit the allegations in the final sentence, but state that since the Department of the Navy found no responsive records, there are no documents to disclose.

23. In response to the first sentence, defendants admit that they sent the referenced letter, but state that the referenced letter speaks for itself. In response to the second sentence, defendants admit that plaintiffs appealed the determination that the Department of the Navy found no responsive records, and state that the referenced letter speaks for itself, but deny that a "no records" response is a "denial." Defendants admit the allegations in the final sentence.

24. In response to the first and third sentences, defendants admit that they sent the referenced letters, but state that the referenced letters speak for themselves. In response to the

second sentence, defendants admit that the requests were forwarded to Fleet Aviation Specialized Operational Training Group, Pacific.  In response to the fourth sentence, defendants admit that plaintiffs appealed the determination that the Department of the Navy found no responsive records, and state that the referenced letter speaks for itself, but deny that a "no records" response is a "denial."  In response to the final sentence, Defendants deny that they have not responded to plaintiffs' appeal, and state that since the Department of the Navy found no responsive records, there are no documents to disclose.

United States Air Force

25.     In response to the first sentence, defendants admit that they sent the referenced letter, but state that the referenced letter speaks for itself.  In response to the second sentence, defendants admit that plaintiffs appealed the determination that the United States Air Force found no responsive records, and state that the referenced letter speaks for itself, but deny that a "no records" response is a "denial."  Defendants admit the allegations in the final sentence, but state that since the United States Air Force found no responsive records, there are no documents to disclose.

26.     In response to the first and second sentences, defendants admit that they sent the referenced letter, and state that the referenced letter speaks for itself, but deny the premise that the United States Air Force received both of the referenced FOIA requests.  In response to the third sentence, defendants admit that plaintiffs appealed the determination that the United States Air Force found no responsive records, and state that the referenced letter speaks for itself, but deny that a "no records" response is a "denial."  Defendants admit the allegations in the final sentence, but state that since the United States Air Force found no responsive records, there are

no documents to disclose.

27.     In response to the first sentence, defendants admit that they sent the referenced letter, but state that the referenced letter speaks for itself.  In response to the second sentence, defendants admit that plaintiffs sent the referenced letter, but state that the referenced letter speaks for itself.  Defendants admit the allegations in the third sentence, except to deny that the referenced letter required a response.

Central Intelligence Agency

28.     In response to the first, second, and third sentences, defendant CIA admits that it sent and received the referenced letters, but states that the referenced letters speak for themselves.  Defendant CIA admits the allegations in the final sentence.

29.     Defendant CIA admits the allegations in this paragraph.

30.     In response to the first, second, and third sentences, defendant CIA admits that it sent and received the referenced letters, but states that the referenced letters speak for themselves.  Defendant CIA admits the allegations in the final sentence.

Office of the Director of National Intelligence

31.     Defendant Office of the Director of National Intelligence admits the allegations in this paragraph.

**CLAIM FOR RELIEF**

32.     Defendants deny that plaintiffs are entitled to the relief they seek.

33.     Defendants admit the allegations in this paragraph.

34.     The allegation contained in ¶34 is a legal conclusion which does not require a response.  To the extent a response is required, defendants deny.

## DEMAND FOR JUDGMENT

In the final unnumbered paragraph which contains four subparagraphs designated (a) through (d), Plaintiffs demand relief and therefore no response is required, but to the extent any response may be required, defendants deny that plaintiffs are entitled to any relief whatsoever.

Any allegation not expressly answered is hereby denied.

## AFFIRMATIVE DEFENSES

1.   This Court lacks jurisdiction over all or some of this action.

WHEREFORE, all allegations not specifically admitted are denied, and the defendants the United States Department of Defense, the Counterintelligence Field Activity, the Defense Advanced Research Projects Agency, the Defense Intelligence Agency, the Department of the Army, the Department of the Navy, the United States Air Force, the Central Intelligence Agency, and the Office of the Director of National Intelligence pray that Plaintiffs take nothing by way of their Complaint, that the Complaint be dismissed with costs of suit, and for such other and further relief as the Court deems appropriate in this action.

January 14, 2008

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO (DC # 418925)
Assistant Director

  /s/ Susan K. Ullman
SUSAN K. ULLMAN (DC # 426874)
Senior Counsel
U.S. DEPARTMENT OF JUSTICE
Federal Programs Branch, Civil Division
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tel: (202) 616-0680 - Fax: (202) 616-8470
Email: susan.ullman@usdoj.gov

Attorneys for Defendants