IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| M. GREGG BLOCHE, M.D and <br> JONANTHAN H. MARKS <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF DEFENSE, *et al.* <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 07-cv-2050 (HHK/JMF) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER
COMPELLING DEFENDANT CIA TO PROCESS TWO FOIA REQUESTS**

Plaintiffs are asking this Court to compel the Central Intelligence Agency (CIA) to process two Freedom of Information Act (FOIA) requests the CIA did not receive. The CIA opposes this motion because it would contravene FOIA, the CIA's FOIA regulations, and applicable caselaw.

### STATEMENT OF RELEVANT FACTS

Plaintiffs aver in the complaint that they sent all Defendants the "First FOIA Request" on June 20, 2006, Compl. ¶ 10, and that the CIA responded to this request on August 31, 2006. Id. ¶ 28. Defendants admitted these allegations. Answer ¶¶ 10, 28. Plaintiffs further alleged that they sent all Defendants the "Fourth FOIA Request" on July 10, 2006, id. ¶ 13, and that the CIA responded to this request on January 26, 2007. Compl. ¶ 30. Defendants admitted these allegations. Answer ¶¶ 10, 30.

In contrast, the Complaint alleges that Plaintiffs sent all Defendants the Second and Third FOIA requests on July 3, 2006, Compl. ¶¶ 11-12, but that the CIA did not respond to these requests. Compl. ¶ 29. Defendants admitted these allegations. Answer ¶¶ 11-12, 29. As made

clear by the CIA in its answer to the complaint, it did not receive the Second and Third FOIA requests. Answer ¶¶ 11, 12, 29; see also Nelson Decl. ¶ 7. The CIA, which has specific procedures for logging in and tracking FOIA requests, has no record of receiving Plaintiffs' Third and Fourth FOIA requests. Nelson Decl. ¶¶ 7-12.

Plaintiffs filed their complaint on November 11, 2007, and were made aware before the end of the year, or by January 2008 (at the latest), that the CIA did not receive the Second and Third FOIA requests. Pl. Br. at 4-5, and 5 n.2. To this day, Plaintiffs have never "resent" their Second and Third FOIA requests to the CIA, even after they were on notice that the CIA had not received those requests.

## ARGUMENT

**I. The CIA Cannot Be Compelled To Process FOIA Requests That It Did Not Receive**

Plaintiffs argue that the filing of their complaint should be treated as comparable to the CIA's receipt of their FOIA requests. This argument contravenes the structure of FOIA and would permit requesters to circumvent agency FOIA regulations at will. Indeed, this very Court has dismissed a FOIA action where the plaintiff showed that he mailed the FOIA request but "there is nothing in the record to show its receipt." Hutchins v. Dep't of Justice, Civ. No. 00-2349(HHK), 2005 WL 1334941, at *2 (D.D.C. June 6, 2005). As this Court found, "without any showing that the agency received the request, the agency has no obligation to respond to it." Id. Other courts have reached the same conclusion. See Schoenman v. FBI, Civ. No. 04-2202(CKK), 2006 WL 1126813 at *13 (D.D.C. March 31, 2006) (dismissing certain counts "[b]ecause Plaintiff cannot establish an essential element of a FOIA action with respect to the Air Force, NARA, and the NSA (i.e., the mailing and receipt of a FOIA request)"); see id. at *11

("In an unpublished decision . . . Judge Thomas F. Hogan similarly granted the agency's motion to dismiss . . . where there was no record of the FOIA/Privacy Act request located by the agency. See Marrera v. Dep't of Treasury, Civ. No. 84-3731(TFH), slip. op. at 1-2 (D.D.C. Apr. 23, 1985)"); and see Giaimo v. IRS, Civ. No. 94-2463(CEJ), 1996 WL 249362 (E.D.Mo. Feb. 23, 1996) (granting dismissal because the agency did not receive a request).

"The agency's obligation to process a request for records is predicated on the agency's receipt of a request which . . . is made in accordance with published rules stating the time, place, fees, and procedures to be followed. 5 U.S.C. § 552(a)(3)." Giaimo v. IRS, 1996 WL 249362 at *2. "Defendant's duty to process a request for records is clearly conditioned upon the receipt of such a request." Id. The burden is on Plaintiffs to show receipt of the requests. Schoenman v. FBI, 2006 WL 1126813 at *12-13.

Plaintiffs can cite no authority to support the proposition that the filing of a complaint obviates "an essential element of a FOIA action," the mailing and receipt of the FOIA request. Id. at *13. Plaintiffs' various arguments in support of this proposition are without merit.

Plaintiffs' first argument is that the CIA had constructive notice of the Second and Third FOIA requests because under the "mailbox rule" there is a "presumption" that delivery is made within three working days of mailing. Pl. Br. at 5-6. However, FOIA's language demonstrates that the mailbox rule does not apply: "Fundamentally, an agency's obligations under FOIA are not established by the averred mailing of a FOIA request . . . . Rather, the plain language of the statute says . . . '*receipt* of any such request'." Schoenman v. FBI at *12.[1]

---

[1] Even if the mailbox rule were applicable, it only creates a presumption, and that presumption is rebutted by the Declaration of Delores M. Nelson, Information and Privacy Coordinator for the CIA, which explains that the CIA logs all FOIA requests and has no record

Plaintiffs next state that "it would be problematic for courts automatically to credit agency claims that the agency did not receive a FOIA request especially where . . . the FOIA request is one the agency might not want to answer." Pl. Br. at 6. But Defendants are not claiming any "automatic" treatment. Plaintiffs sent a total of 36 FOIA requests, 33 of which were acknowledged as received by nine different Defendants and have been responded to. It is a fact that the CIA, which has specific procedures for logging in and tracking FOIA requests, has no record of receiving Plaintiff's Second and Third Requests. Plaintiffs present no evidence to contradict this fact. What is "problematic" is Plaintiffs' impugning a public agency's integrity in responding to FOIA requests. See United States v. Chemical Found., 272 U.S. 1, 14-15 (1926) ("in the absence of clear evidence to the contrary, courts presume that [public officers] have properly discharged their official duties").

Plaintiffs claim that the CIA is "simply wrong" to suggest that receipt of a FOIA request is necessary, instead claiming that the making of a request is enough. Pl. Br. at 6. But as noted above, FOIA's plain language controls, requiring agencies to respond to FOIA requests only after "receipt" of such requests. 5 U.S.C. § 552(a)(6)(A)(i).

In addition, FOIA, by its terms, further provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A) (emphasis added). The qualification that the request must be made in accordance with the agency's published rules protects the agency, in this instance the CIA, from having to respond to requests that it does not

---

of receipt of the Second and Third FOIA requests. Nelson Decl. ¶¶ 7, 9-12.

receive through the proper FOIA channel. Plaintiffs seem to believe that sending the FOIA requests to undersigned counsel after commencement of litigation is all that is necessary. But under the CIA's published rules a FOIA request must be directed in writing to the CIA Information and Privacy Coordinator at the specified address. See 32 C.F.R. § 1900.03, 32 C.F.R. § 1900.11. Plaintiffs have not done this.

Plaintiffs claim that there is "an intensely practical reason for the Court to read FOIA" as permitting the filing of the lawsuit to serve as "actual notice" of the Second and Third FOIA requests, Plaintiffs argue that if they were required to "refile" their Second and Third FOIA requests "now, or even had they done so at the end of 2007, they would have been returned to the back of the long queue of waiting requesters at the CIA . . . This delay would not just prejudice plaintiffs, it would also likely result in piecemeal litigation for the set of related FOIA requests." Pl. Br. at 7. But this inconvenience to Plaintiffs does not excuse them of the requirement under FOIA to exhaust administrative remedies before seeking judicial review. Schoenman v. FBI at *9 ("it has been repeatedly held within this jurisdiction that exhaustion of administrative remedies is required before a party can seek judicial review of a FOIA-related withholding"). If the mere filing of a lawsuit were held to obviate the need for a requesting party to demonstrate the mailing and receipt of a FOIA request, the exhaustion doctrine would be a nullity. Id. at *13.

Moreover, it is Plaintiffs' own failure to have diligently pursued their FOIA requests that has caused them to be in this situation. As Plaintiffs concede, the CIA acknowledged receipt of Plaintiffs' First and Fourth FOIA requests, but not the Second and Third Requests. Plaintiffs, accordingly, were on notice that the CIA had not received those requests. Moreover, the CIA's

FOIA regulations provide a specific avenue to determine the status of a FOIA request: "For general information or status information on pending cases only, the telephone number is (703) 613-1287." 32 C.F.R. § 1900.03.  It was for Plaintiffs to ensure that the CIA was in receipt of their Second and Third Requests.  As soon as Plaintiffs were informed by counsel for Defendants that the CIA had not received the Second and Third FOIA requests, they could have "resent" them.  Defendants are not aware of any harm or prejudice that would inure to Plaintiffs if they resent their requests.  Certainly this motion and any putative delay or prejudice could have been readily avoided by Plaintiffs.

### II.      Plaintiffs Were On Notice that the CIA Did Not Receive the Second and Third FOIA Requests; There Can Be No Claim of Waiver of any Defense

Plaintiff claims that the CIA waived the defense that it did not receive the Second and Third FOIA requests because it did not specifically deny that it received those two requests and because it did not assert it as an affirmative defense.  There is no basis for the claim that the CIA waived this defense.  Plaintiffs were on notice that the CIA had not received the Second and Third Requests.

Plaintiffs admit that the CIA had responded to their First and Fourth requests, Compl. ¶¶ 28, 30, but had not responded to their Second and Third requests.  Compl. ¶ 29; see Answer ¶¶ 28-30 (confirming this fact).  Defendants' Answer further made clear that Plaintiffs had not submitted the Second and Third Requests to all Defendants.  Anser ¶¶ 10-13.  Plaintiffs now claim that this manner of pleading waived the CIA's rights to defend itself, arguing that the CIA should have affirmatively stated that it did not receive the Second and Third Requests.[2]

---

[2] Plaintiffs claim that Defendant Air Force's specific statement that it did not receive one of the two July 3, 2006 requests (the Second and Third requests both had the same date) was

However, there is no basis for a claim of waiver under Rule 8 of the Federal Rules of Civil Procedure. "As long as the answer gives reasonable notice of those allegations sought to be put in issue, the pleading will be effective as a denial." 5 Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1261 (3d 2008). In addition, Plaintiffs candidly admit that "[i]n discussions with defendants' counsel, plaintiffs's counsel were informed that . . . the CIA claimed that it did not receive either of the two July 3 requests." Pl. Br. at 4. Plaintiffs, accordingly, were on notice of the CIA's position, and they were thus in a position to pursue the necessary steps to further their claims.

Lastly, even if lack of receipt were an affirmative defense as Plaintiffs contend, Defendants' failure to separately plead lack of receipt as an affirmative defense does not require waiver since the issue was "raised at a pragmatically sufficient time," there was no "unfair surprise," and the Plaintiffs were "not prejudiced in their ability to respond." Arismendez v. Nightingale Home Health Care, 493 F.3d 602, 610 (5th Cir. 2007) (citations omitted).

At base, because Plaintiffs have been on notice for at least seven months that the CIA did not receive the Second and Third FOIA requests, there is no basis for waiver. Plaintiffs can either send the requests now to ensure that the condition precedent to their claims against the CIA has been met, or Defendants can amend their pleading to add as an affirmative defense that which is already known to Plaintiffs.

---

sufficient notice, in contrast to the CIA's answer (Pl. Br. at 9), but in fact the Air Force's specificity that it only received one of the two requests at issue meant that Plaintiff was on notice that at least one other Defendant did not receive the other request. See Answer ¶¶ 11-12.

**CONCLUSION**

For the reasons set forth above, Defendants respectfully request that Plaintiffs' Motion for an Order Compelling Defendant Central Intelligence Agency to Process Two of Plaintiffs' FOIA Requests be denied.

August 25, 2008

JEFFREY S. BUCHOLTZ
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO (DC # 418925)
Assistant Director

  /s/ Susan K. Ullman
SUSAN K. ULLMAN (DC # 426874)
Senior Counsel
U.S. DEPARTMENT OF JUSTICE
Federal Programs Branch, Civil Division
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tel: (202) 616-0680 - Fax: (202) 616-8470

Attorneys for Defendant CIA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY BLOCHE, M.D., et al.,   )
                                )
        Plaintiffs,             )
                                )
    v.                          )  No. 07-CV-2050 (HHK)
                                )
DEPARTMENT OF DEFENSE, et al.,  )
                                )
        Defendants.             )
_____)

### DECLARATION OF DELORES M. NELSON
### INFORMATION AND PRIVACY COORDINATOR
### CENTRAL INTELLIGENCE AGENCY

I, DELORES M. NELSON, hereby declare and say:

1. I am the Chief, Public Information Programs Division, Information Review and Release Group, Information Management Services, Office of the Chief Information Officer, Central Intelligence Agency (CIA). Since April 21, 2008, I have also served as CIA's Information and Privacy Coordinator.

2. I have served with CIA for approximately twenty-nine years and, in addition to my current positions, have held other supervisory positions within CIA.

3. In my capacity as CIA's Information and Privacy Coordinator, I manage the Freedom of Information Act (FOIA), Privacy Act, and Executive Order 12958 Mandatory Declassification Review programs for CIA. These responsibilities include directing searches of CIA records systems in response to public requests for records under these programs, and coordinating the reviews of any records retrieved through such searches.

4. As part of my official duties, I ensure that CIA administratively processes all FOIA requests submitted to it – including the search for, and the retrieval, analysis, review, redaction, and release of, responsive documents – in accordance with the law and as efficiently as possible, given the personnel and resources available.

5. Through the exercise of my official duties, I am familiar with this civil action. I make the following statements based upon my personal knowledge and the information made available to me in my official capacity.

6. I understand that this litigation involves four FOIA requests submitted by Plaintiffs to several federal agencies. I understand that Plaintiffs claim to have submitted all four FOIA requests to each defendant agency; that the first FOIA request was dated June 20, 2006; that the second and third FOIA requests

were dated July 3, 2006; and that the fourth FOIA request was dated July 10, 2006.

7. Of these four FOIA requests, the CIA received only the first and fourth. The CIA did not receive the second and third FOIA requests, both dated July 3, 2006.

8. As background, I wish to explain the system by which the CIA receives, logs, and tracks incoming FOIA requests. Because there have been modifications to this system since the time of the FOIA requests in question, I will describe the system as it functioned as of July 2006.[1]

9. The CIA's regulations specify that FOIA requests should be sent to the Information and Privacy Coordinator, at a specific address. 32 C.F.R. § 1900.03; *see also id.* § 1900.11. FOIA requests sent to that address are received by the IMS Registry office, which functions as a mail room for the Information and Privacy Coordinator. The Registry opens any incoming mail addressed to the Information and Privacy Coordinator. When the Registry receives an incoming FOIA request, it is immediately date-stamped in the Registry office.

10. As of July 2006, after being date-stamped, an incoming FOIA request was then sent to the logging section to be electronically scanned into the IMS FOIA processing database which, in July 2006, was called MORI. In addition to

---

[1] Although the current process for receiving and tracking FOIA requests is largely the same, the electronic system is now called CADRE rather than MORI.

electronically scanning the FOIA request, IMS professionals created a file for the request within MORI, assigned a case number to that file, and assigned a case manager to that file. The case manager assumed responsibility for ensuring the FOIA request was appropriately tasked within the CIA and managed the processing of the request.

11. Searching MORI to determine whether a particular FOIA request was received is very straightforward. MORI allows users to search for a particular request by the name of the requester, the date of the letter, and/or the subject matter.

12. In this instance, Plaintiffs' two FOIA requests dated July 3, 2006, were never received by the IMS Registry office. IMS professionals searched MORI by the Plaintiffs' names, dates, and the subject matter of the requests and did not locate the two July 3, 2006 FOIA requests.

\* \* \* \*

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of August, 2008.

_____
Delores M. Nelson
Information and Privacy Coordinator
Central Intelligence Agency