UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGG BLOCHE, M.D., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 07-2050 (HHK) |
| ) | |
| DEPARTMENT OF DEFENSE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR AN ORDER COMPELLING
DEFENDANT CENTRAL INTELLIGENCE AGENCY TO PROCESS
TWO OF PLAINTIFFS' FOIA REQUESTS**

Defendant Central Intelligence Agency's opposition to plaintiffs' motion rests on a factual claim that is simply unsupportable — the claim that the "CIA did not receive" the requests. *See* Def. Mem. at 1. Defendant does not and cannot dispute that, even if it did not receive plaintiffs' July 3, 2006 when they were sent, defendant, through its counsel, did in fact receive these two requests no later than January 22, 2008, when plaintiffs' counsel sent them to the CIA's counsel. *See* Exhibit D (copy of the Email to the CIA's counsel attaching the requests). Thus, by January 2008, the agency "received" the requests and, even under the CIA's account, was obligated to process them under the Freedom of Information Act (FOIA). Only by ignoring the January 22, 2008 re-submission of the July 2006 letters can the CIA argue that the plaintiffs have failed to exhaust and must now undertake the empty formality of mailing duplicate copies of the requests to the agency. For this reason, and the other reasons set forth below and in plaintiffs' opening memorandum, plaintiffs' motion to compel should be granted.

1. Even on the CIA's own terms, the agency's argument makes no sense. The agency relies mainly on a series of unpublished decisions from this Court holding that where the plaintiff cannot establish that the agency received a FOIA request, the agency is entitled to judgment. *See* Def. Mem. at 2-3. Of course, none the cases are remotely similar to this case, because in none of the cases the CIA cites was there objective evidence that the letters had in fact been mailed and that other agencies had received the very same letters. But plaintiffs' opening memorandum made clear that there was no need for the Court to untangle the facts surrounding plaintiffs' July 3, 2006 submission of their FOIA requests because, at the least, their counsel subsequent January 22, 2008 submission was indisputably received by the CIA, see Attachment A, and the agency's obligation to respond to their request was triggered then, if not before.

The CIA has no answer to this argument. Even on the CIA's own reading of FOIA, which focuses on the agency's "receipt" of FOIA requests, there can be no question that the agency *received* the requests on January 22, 2008 or soon thereafter. At that point, knowing that the CIA was represented by counsel, taking the additional step of re-submitting the requests directly to the CIA would have been a empty formality, and arguably a violation of the rules requiring counsel to deal with a party's lawyer, not the party directly. Under these circumstances, the Court should rule that, no matter what happened with regard to plaintiffs' initial July 3, 2006 FOIA submissions, the CIA should process plaintiffs' requests from the date for which there is no dispute about receipt: January 22, 2008.

There is a practical reason for this ruling that the CIA also overlooks: namely, if the CIA gets it way and even further delays the processing of the requests, this case will end up being

litigated piecemeal, a result that serves no one's interest. Nor, it should be pointed out, can the CIA claim prejudice. As plaintiffs' opening memorandum pointed out — and the CIA did not deny — the agency did not even *start* processing the two June and July 2006 requests it admits it did receive until well after this litigation was commenced in November 2007. For these reasons, plaintiffs' motion should be granted.

2. Although the Court need not reach this issue if it agrees with plaintiffs' first submission, it is also clear that the CIA waived its exhaustion defense by not denying that it received the July 3, 2006 requests or asserting exhaustion as a defense in its Answer. As plaintiffs' made clear in their opening memorandum, the CIA's Answer fails to (a) specifically deny that it had received the two July 3, 2006 FOIA requests; and (b) plead exhaustion as an affirmative defense. The Agency concedes as much.[1] But it suggests that its omissions are inconsequential because defendant's counsel had informed plaintiffs' counsel that the CIA claimed it had not received the requests. But informal discussions among counsel about *possible*

---

[1] The CIA's memorandum fudges a bit on this point. It claims, on page 6, that its "Answer further made clear that Plaintiffs had not submitted the Second and Third Request to all Defendants," citing paragraphs 10-13 of its Answer. But the Answer in fact says plaintiffs submitted the requests to "some defendants," but goes to deny plaintiffs submitted the requests to "all defendants." *See* Defendants' Answer at ¶¶ 11-12.
The upshot of these averments is that the plaintiffs were left to guess as to which agencies received the requests. The Answer does specify that one agency did not receive both July 3, 2006 request letters: the United States Air Force. Paragraph 26 of the Answer "den[ies] the premise that the United States Air Force received both of the referenced [July 3, 2006] FOIA requests." But there is no similar denial for the CIA. To the contrary, plaintiffs' Complaint alleged in paragraph 29, "To date, the CIA has not issued a determination, nor has it released any records in response to Plaintiffs' Second or Third Request," that is, the two July 3, 2006 requests. The defendants' Answer responds to this allegation in paragraph 29 as follows: "Defendant CIA admits the allegations in this paragraph." The CIA's admission does not deny receipt of the letters; to the contrary, the agency's response presupposes that it received them but did not make a determination or a response.

3

defenses do not cure pleading defects. On many occasions, parties have access to facts that might support claims and defenses in litigation, but choose not to assert them. Indeed, defendant's counsel also informed plaintiffs' counsel that the Air Force claimed that it had not received one of plaintiffs' requests, but that agency has waived any defense it might have had and processed the request.

Nor is there any force to the CIA's argument that its pleading failure should be excused because any prejudice to the plaintiffs is of their own making. *See* Def. Mem. at 6-7. Until August 7, 2008, when the CIA's counsel notified plaintiffs' counsel that the CIA would assert exhaustion as a defense, neither the CIA nor its counsel had ever told plaintiffs that an exhaustion defense *would* be raised. *See* Letter from Susan K. Ullman, Senior Counsel, Department of Justice, to Kathryn A. Sabbeth, Esq., Counsel for Plaintiffs, dated Aug. 7, 2008 (submitted as Exhibit C to plaintiffs' opening memorandum). The CIA's effort now to argue that, because the CIA had informed plaintiffs that it thought it had *grounds* for asserting an exhaustion defense is the equivalent of a *formal assertion* of an exhaustion defense is unsupportable. Plaintiffs had been told precisely the same thing with regard to the Air Force, which, as noted, did not assert that defense. And, in any event, as pointed out above, plaintiffs had cured any exhaustion defect on January 22, 2008 by providing the CIA's counsel with the July 3, 2006 requests. Thus, contrary to the CIA's claim, plaintiffs would be severely prejudiced if the Court permits the agency to assert exhaustion as a defense at this late date, and for that reason as well, the plaintiffs' motion should be granted.

## CONCLUSION

For the reasons stated above and in plaintiffs' opening memorandum, plaintiffs' motion to compel the CIA to search for, process, and disclose records responsive to plaintiffs July 3, 2006 FOIA requests should be granted.

Respectfully submitted,

/s/
Kathryn A. Sabbeth (D.C. Bar No. 979101)
David C. Vladeck (DC Bar No. 945063)
Institute for Public Representation
Georgetown University Law Center
600 New Jersey Ave., NW
Washington, D.C. 20001
Phone: (202) 662-9535
Fax: (202) 662-9634
Email: KS455@law.georgetown.edu

Attorneys for Plaintiffs

Dated: August 29, 2008

## Kathryn Sabbeth

| | |
|---|---|
| **From:** | Kathryn Sabbeth |
| **Sent:** | Tuesday, January 22, 2008 2:06 PM |
| **To:** | 'susan.ullman@usdoj.gov' |
| **Subject:** | Bloche v. DoD, FOIA Requests |
| **Attachments:** | Request 2.zip |

Susan,

Attached are copies of all FOIA requests referenced in the Complaint. Please let me know if you have any difficulty with the compressed file.

Best,
Kathryn

Kathryn Sabbeth
Staff Attorney
Institute for Public Representation
Georgetown Law Center
600 New Jersey Avenue, N.W., Suite 312
Washington, D.C. 20001
Tel. (202) 662-9546
Fax. (202) 662-9634