# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

M. GREGG BLOCHE, M.D. and
JONATHAN H. MARKS,

      Plaintiffs,

      v.

                                      **Civil Action No. 07-2050 (HHK/JMF)**

DEPARTMENT OF DEFENSE *et al.*,

      Defendants.

## MEMORANDUM OPINION

Currently pending and ready for resolution is Plaintiffs' Motion for Leave to Amend
Complaint [#24].  For the reasons stated herein, plaintiffs' motion will be denied.

## INTRODUCTION

Plaintiffs are M. Gregg Bloche, M.D. and Jonathan H. Marks, experts on bioethics.
Complaint for Declaratory and Injunctive Relief ("Compl.") ¶ 3.  This case arises from a series
of Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq.,[1] requests made by plaintiffs to
various federal agencies. Compl. ¶ 4.  In these requests, plaintiffs seek "to compel the defendants
to release records relating to the participation of doctors and other healthcare professionals in the
interrogation of military prisoners and individuals detained by the United States government on
the basis of alleged terrorist activities." Compl. ¶ 1.

---

[1] All references to the United States Code are to the electronic versions found on Westlaw and Lexis.

In the motion currently before the Court, plaintiffs seek to amend their complaint to add facts not known to them at the time of the filing of their initial complaint, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. <u>Plaintiffs' Memorandum of Points and Authorities in Support of Motion to Amend Complaint</u> ("Plains. Mem.") at 1.  Specifically, plaintiffs seek to add to their original complaint the fact that although they resubmitted their FOIA requests to the Central Intelligence Agency ("CIA") in December of 2008, to date they have not received any documents or a response to their request. <u>Id.</u>

## DISCUSSION

I.      <u>The Parties' Arguments</u>

Defendants oppose plaintiffs' motion on several grounds.  First, defendants argue that plaintiffs have mischaracterized their motion in that it is not a motion to amend but rather one to supplement their complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure since it seeks to "set out events that occurred after the original complaint was filed." <u>Defendants' Opposition to Plaintiffs' Motion to Amend the Complaint</u> ("Defs. Opp.") at 3.  As such, defendants argue that the Court should deny the motion because plaintiffs could pursue their December 2008 claims against the CIA in a separate FOIA action. <u>Id.</u>  Next, defendants argue that they would be prejudiced if the Court were to allow plaintiffs to supplement their complaint because the claims currently before the Court, which are close to final resolution, would be delayed while the CIA processes plaintiffs' new requests. <u>Id.</u> at 4.  Finally, defendants contend that if the Court were to allow plaintiffs to supplement their complaint, it would be akin to permitting plaintiffs to nullify the Court's November 20, 2008 Memorandum Opinion wherein the Court concluded that plaintiffs had failed to comply with FOIA regulations because the CIA never received two of plaintiffs' four requests. <u>Id.</u> at 5-7.

2

II.     The Nature of Plaintiffs' Motion

Plaintiffs seek to amend their complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, which simply states that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Rule 15(d), on the other hand, as defendants argue, more aptly describes plaintiffs' objectives, namely to supplement their original complaint by "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  In their own words, plaintiffs' stated desire in seeking to "amend" the original complaint is "to reflect the resubmission [of plaintiffs' 2006 FOIA requests] and the CIA's continued failure to issue any determination or release any documents in response to these requests." Plains. Mem. at 1. Plaintiffs' motion is clearly, therefore, one that seeks supplementation rather than amendment. See Hall v. CIA, 437 F.3d 94, 100 (D.C. Cir. 2006) ("The addition of a new FOIA request is plainly a supplemental pleading as defined by Federal Rule of Civil Procedure 15(d).").  The next question is whether there is any significance to this distinction.

III.    Supplementation Would Cause Undue Delay

In Aftergood v. CIA, 225 F. Supp. 2d 27 (D.D.C. 2002), the Court described the various factors to be considered when assessing a party's motion to supplement its complaint:

> A party may file supplemental pleadings "setting forth transactions
> or occurrences or events which have happened since the date of the
> pleading sought to be supplemented." Fed. R. Civ. P. 15(d).
> Supplemental pleadings may introduce new causes of action not
> alleged in the original complaint so long as their introduction does
> not create surprise or prejudice the rights of the adverse party.
> Montgomery Envtl. Coalition v. Fri, 366 F. Supp. 261, 265-66
> (D.D.C. 1973).  Moreover, "leave to file a supplemental pleading
> should be freely permitted when the supplemental facts connect it
> to the original pleading." Quaratino v. Tiffany & Co., 71 F.3d 58,
> 66 (2d Cir. 1995).  Finally, the purpose of pleading "is to facilitate

3

a proper decision on the merits" and avoid the dismissal of potentially meritorious claims due to procedural missteps. <u>Conley v. Gibson</u>, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

<u>Id.</u> at 30.

In <u>Aftergood</u>, the Court allowed the complaint to be supplemented *inter alia* because discovery had not yet begun. <u>Id.</u> at 31.  A similar decision was rendered by the Court in <u>Judicial Watch, Inc. v.  U.S. Dep't of Energy</u>, 191 F. Supp. 2d 138 (D.D.C. 2002).  In that case, the Court permitted the plaintiff to supplement its complaint because at the time plaintiff sought leave to supplement, plaintiff still had not received responses to its FOIA requests from three of the nine targeted agencies. <u>Id.</u> at 140.  In the case at bar, however, although supplementation of the complaint would not create any undue surprise for defendants and although the supplemental facts are clearly connected to the original pleading, the parties are close to final resolution of the case, less than one month shy of the filing of dispositive motions.  The only remaining production in this case is the submission of the CIA's <u>Vaughn</u>[2] Index, which is due by May 15, 2009.  <u>See</u> Memorandum Order dated November 11, 2008 [#23] ("Mem. Order") at 12.  Therefore, unlike <u>Aftergood</u> and <u>Judicial Watch</u>, both parties and the Court will have to put this case to one side while everyone awaits further developments as to the December 2008 requests.

It is hard to understand what possible purpose would be served by permitting plaintiffs to supplement their complaint by pleading that the CIA had not "issued a determination" with respect to FOIA requests that were submitted in July 2006.  First, as the government correctly points out, I have already ruled that the presumption that the requests, having been mailed, were received by the CIA, is overcome by the unequivocal assertion by the CIA that the agency did

---

[2] <u>See</u> <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973).

not receive them: "Without proof that the CIA actually received the letters, plaintiffs' claim, even when viewed alongside the presumption created by the mailbox rule, lacks any force." Mem. Order at 5-6.  Thus, the assertion that the requests were submitted in July 2006 is defeated by countervailing proof.  Permitting plaintiffs to make an incorrect assertion is wasteful.

Second, as the government also points out, the CIA has advised plaintiffs by letter dated February 4, 2009[3] that it was not going to meet the 20 day FOIA deadline for an agency response and suggested that, although plaintiffs could deem the statement a denial and proceed to court, it would be more practical to await the processing of their request and then appeal once the CIA was finished. Id.

That was wise advice, whether plaintiffs contemplated an agency appeal or filed suit in this Court.  As to the latter, if not permitted to supplement their complaint, plaintiffs will have to file another action that may, as they suggest, be deemed a related action to this one and be assigned to Judge Kennedy.  But, whether asserted in this case or in a new one, the FOIA request that was submitted in December 2008 will, because of my order, be treated in the same way.  If the CIA has finished processing the December 2008 request, it will need time to prepare a Vaughn index for submission to the Court as the premise for its inevitable motion for summary judgment.  If the CIA has not finished processing that request, it will move pursuant to Open America[4] for an enlargement of time within which to process the December 6, 2008 request and, if that motion is granted, then file its Vaughn affidavit.  It would make the same motion in any new lawsuit, whether related or not.  Thus, in either case, the exact same result can be

---

[3] The letter is an exhibit to Defs. Opp.

[4] See Open Am. v. Watergate Special Prosecution Force, 547 F.2d 605 (D.C. Cir. 1976).

anticipated.  It would follow then that the only practical consequence of the denial of this motion

to supplement would be to save plaintiffs the filing fee of the new suit.  That is hardly enough

reason to preclude this case from coming to its prompt conclusion pursuant to the Orders that

have been issued.

Finally, although irrelevant to the Court's decision to deny plaintiffs' motion for leave,

the Court finds defendants' argument that permitting the plaintiffs to supplement their complaint

with facts relating to the status of the resubmission of their second and third FOIA requests to

the CIA on December 1, 2008 is the same as "permitting them to move to the head of the queue

of individuals already waiting for the CIA to respond to FOIA requests, in contravention of these

published rules" unpersuasive.  See Defs. Opp. at 5.  If the Court were to allow plaintiffs to

supplement their complaint, the Court would permit the CIA the time needed to prepare its

Vaughn index.  Thus, whether or not the motion to supplement were granted or denied, and

whether, if denied, the plaintiffs filed a new and related action, the CIA would get the same time

within which to respond.  Because plaintiffs' original submission of its second and third FOIA

requests was faulty, plaintiffs' resubmission of those requests on December 1, 2008 is actually

the submission of a new fifth request and places plaintiffs in the same position as any one else

who submitted a claim on December 1, 2008, did not get an answer within the 20 days FOIA

permits, and filed suit.

**CONCLUSION**

Plaintiffs' motion to supplement their original complaint will be denied.   The CIA's final

submission to plaintiffs is due within a few days and then the parties will be ready to file

dispositive motions.  I see no just cause in the further delay of the Court's resolution of

plaintiffs' first and fourth requests.  An Order accompanies this Memorandum Opinion.

6

_____/S/_____

JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated:  May 13, 2009