**IN UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |  |
|---|---|---|---|
| M. GREGG BLOCHE and | : | | |
| JONATHAN H. MARKS, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 07-2050 (RC) |
| | : | | |
| v. | : | Re Document No.: | 127 |
| | : | | |
| DEPARTMENT OF DEFENSE, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**<u>MEMORANDUM OPINION</u>**

**GRANTING DEFENDANT'S SECOND RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT**

**I.   INTRODUCTION**

This suit arising under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, began in 2007, when Plaintiffs M. Gregg Bloche and Jonathan H. Marks sought records from multiple federal agencies concerning the involvement of medical professionals in designing and implementing interrogation tactics.  Presently before the Court is a second renewed motion for partial summary judgment brought by one of the defendants in this suit, the United States Army ("Army"), in relation to one document.[1]  *See* Def. Second Renewed Mot. for Partial Summ. J. ("Def. Mot."), ECF No. 127; Def. Mem. of P. & A. in Supp. of Second Renewed Mot. for Partial Summ. J. ("Def. Mem."), ECF No. 127-1.  On May 14, 2020, the Court granted in part a motion for partial summary judgment for all documents related to Army and multiple other federal

---

[1] Most of Plaintiffs' claims relating to other federal agencies have been resolved or are in the process of being resolved.  *See* Status Rep., ECF No. 128; Def. Mem, ECF No. 127-1.  The present document at issue, Army 79, is the only contested document that remains in dispute for Army and is the only document discussed in this opinion.  For these reasons, this opinion does not discuss the other defendant agencies involved in this suit.

agencies, except with respect to Army 79, for which the motion was denied.  *See Bloche v. Dep't of Def. (Bloche IV)*, No. 07-cv-2050, 2020 WL 2496897 (D.D.C. May 14, 2020).[2]  For the reasons that follow, the Court finds that Army has now provided adequate justification for the claimed exemption for Army 79.  Therefore, the Court grants the renewed motion for partial summary judgment.[3]

## II.  LEGAL STANDARD

The purpose of FOIA "is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed."  *NLRB. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978).  FOIA requests thus provide individuals with the opportunity to obtain access to federal agency records, except to the extent that such records are protected from public disclosure by one of nine exemptions.  *See* 5 U.S.C. § 552(a)(3), (a)(4)(B), (b), (c); *see also NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 136 (1975); *Judicial Watch, Inc. v. U.S. Dep't of Def.*, 847 F.3d 735, 738 (D.C. Cir. 2017).  Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see, e.g.*, *Alyeska*

---

[2] The Court refers to the May 2020 opinion as *Bloche IV* to distinguish it from the three previous opinions in the same suit.  *See Bloche v. Dep't of Def.* (*Bloche III*), 414 F. Supp. 3d 6 (D.D.C. 2019); *Bloche v. Dep't of Def.* (*Bloche II*), 370 F. Supp. 3d 40 (D.D.C. 2019); *Bloche v. Dep't of Def.* (*Bloche I*), 279 F. Supp. 3d 68 (D.D.C. 2017).

[3] Plaintiffs did not file a response to Defendants' motion presently before the Court, however, Defendants still carry the burden to demonstrate the applicability of the claimed exemptions.  *See Bloche IV*, 2020 WL 2496897, at *2 n.6; *Dutton v. U.S. Dep't of Justice*, 302 F. Supp. 3d 109, 126 n.6 (D.D.C. 2018); *see also Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016) ("[A] motion for summary judgment cannot be 'conceded' for want of opposition.").  The Court thus addresses in full the updated justifications for the claimed exemptions submitted by Defendants.

*Pipeline Serv. Co. v. U.S. EPA*, 856 F.2d 309, 314 (D.C. Cir. 1988) (concluding that unsubstantiated claims of factual controversies cannot defeat a summary judgment decision in a FOIA case).  FOIA cases are typically resolved through summary judgment because in FOIA cases there is rarely any factual dispute, instead, these cases center on how the law is applied to the records at issue.  *See Pinson v. U.S. Dep't of Justice*, 236 F. Supp. 3d 338, 352 (D.D.C. 2017) (quoting *Defs. of Wildlife v. U.S. Border Patrol*, 623 F.Supp.2d 83, 87 (D.D.C. 2009)) ("FOIA cases typically and appropriately are decided on motions for summary judgment."); *see also Gray v. Southwest Airlines Inc.*, 33 Fed. Appx. 865, 869 n.1 (9th Cir. 2002) (citing *Schiffer v. FBI*, 78 F.3d 1405, 1409 (9th Cir. 1996)).  Accordingly, in a FOIA suit, summary judgment is appropriate "if no material facts are genuinely in dispute and the agency demonstrates 'that its search for responsive records was adequate, that any exemptions claimed actually apply, and that any reasonably segregable non-exempt parts of records have been disclosed after redaction of exempt information.'"  *Prop. of the People, Inc. v. Office of Mgmt. and Budget*, 330 F. Supp. 3d 373, 380 (D.D.C. 2018) (quoting *Competitive Enter. Inst. v. EPA*, 232 F. Supp. 3d 172, 181 (D.D.C. 2017)).

In a FOIA suit, the court shall determine a motion for summary judgment *de novo*.  *See* 5 U.S.C. § 552(a)(4)(B); *Life Extension Found., Inc. v. Internal Revenue Serv.*, 915 F. Supp. 2d 174, 179 (D.D.C. 2013).  Therefore, when assessing non-disclosure decisions in a FOIA action, the court may solely rely on "affidavits or declarations if they describe 'the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'"  *Life Extension Found.*, 915 F. Supp. 2d at 179 (quoting *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981));

*see also Pronin v. Fed. Bureau of Prisons*, No. 17-cv-1807, 2019 WL 1003598, at *3 (D.D.C.

Mar. 1, 2019).  "Ultimately, an agency's justification for invoking a FOIA exemption is

sufficient if it appears 'logical' or 'plausible.'"  *Scudder v. Cent. Intelligence Agency*, 254 F.

Supp. 3d 135, 140 (D.D.C. 2017) (quoting *Judicial Watch*, *Inc. v. U.S. Dep't of Def.*, 715 F.3d

937, 941 (D.C. Cir. 2013) (internal citations omitted)).  However, exemptions are to be

"narrowly construed."  *Bloche II*, 370 F. Supp. 3d at 50 (quoting *Morley v. Cent. Intelligence

Agency*, 508 F.3d 1108, 1115 (D.C. Cir. 2007)).  Accordingly, an agency must do more than

provide "summary statements that merely reiterate legal standards or present 'far-ranging

category definitions for information.'"  *Citizens for Responsibility & Ethics in Wash. v. U.S.

Dep't of Justice*, 955 F. Supp. 2d 4, 13 (D.D.C 2013) (quoting *King v. U.S. Dep't of Justice*, 830

F.2d 210, 221 (D.C. Cir. 1987)).

### III. ANALYSIS

Plaintiffs do not challenge the present motion.  Even so, the Court will review Army's

updated justification as the burden nevertheless falls on the agency to establish the applicability

of the FOIA exemption.  *See Winston & Strawn*, 843 F.3d at 505.  In *Bloche IV*, this Court

analyzed updated exemption justifications for forty-seven Army documents still in dispute.  2020

WL 2496897, at *4.  One document, Army 79, was the only document not updated in the

provided *Vaugn* index to specify in particularity why nondisclosure was appropriate.  *See id.* at

*12 ("The justification for Army 79 still conflates the deliberative process and attorney client

privileges, borrowing language from both applicable standards, leaving it unclear which

privilege applies to which portions of the record.").  In response to *Bloche IV*, Army has updated

its justification for nondisclosure and confirmed that the deliberative process privilege and the

attorney-client privilege both apply to the redacted portions of the document.  *See* Def. Mem. at

3–7.  Army also affirms that it has fulfilled its obligation to disclose all reasonably segregable non-exempt material with respect to Army 79.  In support of the second renewed motion for partial summary judgment, Army submitted a second Declaration of Major Nicole M. Kim, which also includes an attached redacted copy of Army 79.  *See* Def. Mem. Ex. A ("Second Kim Decl."), ECF No. 127-2; Def. Mem. Ex. A1, ECF No. 127-2.  The Court briefly outlines the applicable legal standards before turning to the updated justification.

### 1.   Exemption 5

Exemption 5 of FOIA protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5).  Exemption 5 is routinely interpreted broadly and encompasses both statutory privileges and privileges frequently recognized by case law.  *See, e.g.*, *United States v. Webster Aircraft Corp.*, 465 U.S. 792, 802 (1984) ("Exemption 5 simply incorporates civil discovery privileges."); *see also Martin v. Office of Special Counsel,* 819 F.2d 1181, 1185 (D.C. Cir. 1987) (incorporating all civil discovery rules into FOIA Exemption (b)(5)).  Exemption 5 thus "incorporates the traditional privileges that the Government could assert in civil litigation against a private litigant"—including, as relevant here, both "the deliberative process privilege," *Brown v. Dep't of State*, 317 F. Supp. 3d 370, 375 (D.D.C. 2018) (quoting *Loving v. Dep't of Def.,* 550 F.3d 32, 37 (D.C. Cir. 2008) (internal quotation mark and citation omitted)), and the attorney-client privilege, *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 252 (D.C. Cir. 1977).

### 2.   Deliberative Process Privilege

The deliberative process privilege is intended to protect the "decision-making processes of government agencies."  *Sears*, 421 U.S. 132 at 150.  More specifically, the deliberative

process privilege is primarily designed to encourage open and frank discussions on matters of policy, to protect against premature disclosure of policies that are being deliberated, and to prevent public confusion that may result from disclosure of reasons and rationales that were not ultimately the grounds for an agency's action. *See U.S. Dep't of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8–9 (2001) (stating that the deliberative process privilege "enhance[s] the quality of agency decisions" (internal quotation marks omitted)); *Russell v. Dep't of the Air Force*, 682 F.2d 1045, 1048 (D.C. Cir. 1982). To qualify for the privilege, the document must be both predecisional and deliberative. *See Prop. of the People, Inc.*, 330 F. Supp. 3d at 382. A communication is predecisional if it is antecedent to the adoption of an agency policy. *See Access Reports v. U.S. Dep't of Justice*, 926 F.2d 1192, 1194 (D.C. Cir. 1991). Likewise, a communication is deliberative if it is "a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." *See Vaughn v. Rosen*, 523 F.2d 1136, 1144 (D.C. Cir. 1975). Furthermore, the document in question must "bear on the formulation or exercise of agency policy-oriented *judgment*." *Petroleum Info. Corp. v. U.S. Dep't of Interior*, 976 F.2d 1429, 1435 (D.C. Cir. 1992) (emphasis in original).

### 3.   Attorney-Client Privilege

The attorney-client privilege protects "communications from attorneys to their clients if the communications 'rest on confidential information obtained from the client.'" *Tax Analysts v. Internal Revenue Serv.*, 117 F.3d 607, 618 (D.C. Cir. 1997) (quoting *In re Sealed Case*, 737 F.2d 94, 99 (D.C. Cir. 1984)). For the privilege to apply, "an agency must demonstrate that the document it seeks to withhold 1) involves 'confidential communications between an attorney and his client' and 2) relates to a 'legal matter for which the client has sought professional advice.'" *Judicial Watch, Inc. v. U.S. Postal Service*, 297 F. Supp. 2d 252, 267 (D.D.C. 2004) (quoting

*Mead Data Cent.,* 566 F.2d at 252).  If the communications suggest that "the Government is dealing with its attorneys as would any private party seeking advice to protect personal interests," *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 863 (D.C. Cir. 1980), then a court may infer confidentiality.  Even then, a court should narrowly construe the attorney-client privilege, which "protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege."  *Id.* at 862 (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)).  For example, courts in this district have found that an agency must identify the client whose confidentiality is in question to maintain this claim as a privilege. *See Electronic Privacy Info. Ctr. v. Dep't of Justice*, 584 F. Supp. 2d 65, 79–80 (D.D.C. 2008) (declining to apply the attorney-client privilege when declaration failed to indicate "what agency or executive branch entity is the client for the purposes of the attorney-client privilege").

4.   Army 79

The Court previously found that Army had insufficiently explained the basis of its claim for Army 79 because it conflated the deliberative process and attorney-client privileges in an unclear manner.  *Bloche IV*, 2020 WL 2496897 at *12.  The Court explained the real consequences of this uncertainty: "The two privileges often overlap, yet they are not identical: attorney-client privilege covers the underlying factual material associated with an attorney's provision of legal advice, whereas the" deliberative process privilege does not permit withholding of the underlying facts unless disclosure would indirectly reveal the protected portions of the document.  *Id.* at *11 (quoting *Bloche III*, 414 F. Supp. 3d at 49).  The Court thus directed "Army to submit an updated justification for Army 79 at which point it will determine whether the claim of either one or both of the privileges is adequate."  *Id.* at *12.

Army 79 is a one-page email from an attorney in the Army's Office of General Counsel ("OGC") to the assistant deputy for health policy for Assistant Secretary of the Army.  Def. Mem. Ex. A1; Def. Mem. at 8–9; Second Kim Decl. ¶ 6.  The email involves an exchange between the attorney and the assistant with respect to health policy recommendations for modifying two entries on Army's comment matrix regarding a predecisional draft of Department of Defense Instruction ("DoDI").  *See* Def. Mem. Ex. A1; Def. Mem. at 9.  Army argues that "Army 79 is predecisional because it is antecedent to the finalization of the DoDI, which was issued on June 6, 2006, nearly a year after the Army attorney sent the email . . . ."  Def. Mem. at 9.  Army further contends that Army 79 is deliberative because "the Army attorney provided the opinions and recommendations contained within the email to assist the Army in developing its recommendations . . . with respect to the draft DoDI."  *Id.*  Additionally, Army clarifies that "the assistant deputy for health policy sought legal advice from an Army attorney . . . and [the document] contain[s] the Army attorney's legal advice and recommendations."  *Id.* at 10.

The added detail pertaining to Army 79 satisfies the requirements for both the deliberative process privilege and the attorney-client privilege.  First, Army has appropriately updated its justification for the deliberative process privilege because it has clarified how the document is both predecisional and deliberative.  Second, Army has sufficiently updated its justification for the attorney-client privilege because it has demonstrated that the document involves a confidential communication regarding legal advice between the Army attorney and the assistant deputy.  The updated justification closely resembles other justifications the Court has already determined are sufficient.  *See Bloche IV*, 2020 WL 2496897, at *12 ("The added detail and clarifications with respect to documents . . . satisfy the Court that the [deliberative

8

process and the attorney-client] privileges are properly claimed.").  The Court thus finds the application of the overlapping claims proper for Army 79.

### 5.  Segregability

FOIA requires an agency invoking an exemption to disclose any reasonably segregable, non-exempt information.  *See Prop. of the People, Inc.*, 330 F. Supp. 3d at 380 (quoting *Competitive Enter. Inst.*, 232 F. Supp. 3d at 181); *see also* 5 U.S.C. § 552(b).  "To meet its burden on segregability, a government agency usually must submit a sufficiently detailed *Vaughn* Index for each document and an affidavit or declaration stating that it has released all segregable material."  *Bloche II*, 370 F. Supp. 3d at 55 (internal citations omitted).  In the Second Kim Declaration, Major Kim confirms that she conducted a line-by-line review of Army 79 and has "released all reasonably segregable non-exempt information in the document."  Second Kim Decl. ¶ 9.  The Court is thus satisfied that Army has released all reasonably segregable non-exempt information.

### IV. CONCLUSION

For the forgoing reasons, Defendant's second renewed motion for partial summary judgment, ECF No. 127, is **GRANTED** with respect to Army 79.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.


Dated:  July 27, 2020                                                    RUDOLPH CONTRERAS
                                                                         United States District Judge